**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA**

UNITED CENTRAL INDUSTRIAL
SUPPLY COMPANY, L.L.C.**,**

      Plaintiff,

v.                                              Civil Action No. 3:20-CV-00671
                                                  The Honorable Robert C. Chambers

JEFFREY HOOPS and
ANDREW KESLER,

      Defendants.

**MOTION FOR ORDER DIRECTING CLERK'S OFFICE TO
EFFECTUATE CONSTRUCTIVE SERVICE ON ANDREW KESLER BY MAIL**

      United Central Industrial Supply Company, L.L.C. ("United Central"), by counsel, respectfully moves the Court for an order directing the Clerk's Office to effectuate constructive service on Andrew Kesler ("Mr. Kesler") by mail pursuant to Federal Rule of Civil Procedure 4(e)(1) (deferring to state law for method of effectuating service on a competent adult within a judicial district of the United States) and West Virginia Rule of Civil Procedure 4(e)(2) (providing procedure under state law for effectuating constructive service on a competent individual in West Virginia).

      In support of the Motion, United Central briefly provides a procedural history of this litigation, as it relates to Mr. Kesler.  The Complaint in this matter was filed on October 9, 2020.  The Clerk, Rory L. Perry, II, thereafter signed, sealed, and issued a Summons for United Central to have served on Mr. Kesler on October 28, 2020.  The Summons is attached as Exhibit A.

United Central first attempted to effectuate in-person service on Mr. Kesler through a retained process servicer, Robert MacDonald ("Mr. MacDonald").  In his Affidavit of Due Diligence, which is dated November 4, 2020 and is attached as Exhibit B, Mr. McDonald attested that he attempted to serve Mr. Kesler at his residential address, 972 Cobblestone Blvd., Scott Depot, WV 25560, on two separate occasions: First, on the evening of November 2, 2020; and Second, on the evening of November 3, 2020.  As to the November 3 attempt, Mr. MacDonald provided as follows:

> There are two windows that run along the entire length of the sides of the very large front door.  There was a gentleman about 30-35 years of age with dark hair and a beard, sitting watching TV with his fingers touching, with at least two toy dogs barking at me to him.  This gentleman, who clearly heard me knocking, would not answer the door.

Ex. B, Aff. of Due Diligence.

Having unsuccessfully attempted to effectuate in-person service on Mr. Kesler, United Central next tried effectuating service by certified mail, return receipt requested, under West Virginia Rule of Civil Procedure 4(d)(1)(D).  In accordance with subdivision 4(d)(1)(D), it mailed service to Mr. Kesler's residential address, described in the immediately preceding paragraph, on November 5, 2020.

On December 9, 2020, the certified mail was returned to sender, along with the return receipt showing that service was refused by Mr. Kesler.  The front and back of the certified mail envelope, with the return receipt affixed on the back, is attached as Exhibit C.  To date, Mr. Kesler still has not filed an Answer or otherwise appeared to defend himself in this matter.  Nor has he acknowledged his receipt of the Summons or Complaint.

Under West Virginia Rule of Civil Procedure 4, to which Federal Rule of Civil Procedure 4 defers, constructive service by mail may be effectuated on Mr. Kesler under the circumstances of this case. In pertinent part, subdivision (e)(2) of the Rule provides as follows:

> If delivery of the summons and complaint sent by the certified mail is refused, the clerk, promptly upon notice of such refusal, shall mail to the defendant, first class mail, postage prepaid, a copy of the summons and complaint and a notice that despite such refusal the case will proceed and that judgment by default will be rendered against defendant unless defendant appears to defend the suit.

W. Va. R. Civ. P. 4(e)(2).

Therefore, and in accordance with Federal Rule of Civil Procedure 4 and West Virginia Rule of Civil Procedure 4(e)(2), United Central respectfully requests that the Court enter an order directing the Clerk's Office to effectuate constructive service on Mr. Kesler by first class mail, postage prepaid, enclosed with notice that, despite his refusal, the case will proceed and default judgment will be rendered against him unless he appears to defend the suit. To assist the Clerk's Office in completing this task, the Complaint, Summons, and a Notice conforming to the requirements of West Virginia Rule of Civil Procedure 4(e)(2) are attached collectively as Exhibit D.

      Respectfully submitted,

      UNITED CENTRAL INDUSTRIAL SUPPLY
      COMPANY, L.L.C.

      By Counsel

      /s/ Carrie Goodwin Fenwick
      Carrie Goodwin Fenwick, Esquire (WV Bar No. 7164)
      Goodwin & Goodwin, LLP
      P.O. Box 2107
      Charleston, WV 25328-2107
      Telephone: (304) 346-7000
      Email: cgf@goodwingoodwin.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA**

UNITED CENTRAL INDUSTRIAL
SUPPLY COMPANY, L.L.C.**,**

      Plaintiff,

v.                                      Civil Action No. 3:20-CV-00671
                                      The Honorable Robert C. Chambers

JEFFREY HOOPS and
ANDREW KESLER,

      Defendants.

## CERTIFICATE OF SERVICE

      I, Carrie Goodwin Fenwick, certify that I served a true and correct copy of the foregoing "Motion for Order Directing Clerk's Office to Effectuate Constructive Service on Andrew Kesler by Mail" upon Andrew Kesler by United States Mail, addressed as follows:

> Andrew Kesler
> 972 Cobblestone Blvd.
> Scott Depot, WV 25560

And via the Court's CM/ECF filing system where service occurred electronically on counsel for Jeffrey Hoops:

> J. H. Mahaney
> Dinsmore & Shohl, LLP
> 611 Third Avenue
> Huntington, WV 25701

                                                                /s/ Carrie Goodwin Fenwick